McDavid v. McLean.

R. M. PEADRO, attorney for defendant in error.

---

## James S. McDavid et al. v. Duncan McLean et al.

104    627
a202s 354

104    627
m202s354

1. PROMISSORY NOTES—*Relation of Various Makers May be Shown.* The relations of the various makers of a promissory note may be shown as among themselves, and this may be proved by parol.

2. PRACTICE—*Court Will Not Consider Objections Affecting Only Parties Not Before the Court.*—This court will not consider objections affecting parties who have been dismissed out of the case when made by those who have no right to raise them.

**Bill in Equity**, to enforce contribution. Error to the Circuit Court

of Montgomery County; the Hon. Truman E. Ames, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

Zink, Jett & Kinder and Lane & Cooper, attorneys for plaintiff in error.

Miller & Miller and William Abbot, attorneys for defendants in error.

Mr. Presiding Justice Wright delivered the opinion of the court.

This was a bill in equity by the defendants in error against the plaintiffs in error to enforce contributions of money paid by the former as co-guarantors of seven notes of the Coffeen Coal and Copper Company. Plaintiffs in error answered the bill and also filed a cross-bill for exoneration. Upon the hearing the court gave its decree according to the prayer of the original bill and dismissed the cross-bill for want of equity, and to reverse such decree this writ of error is prosecuted.

The Coffeen Coal and Copper Company gave its several notes, in the aggregate $20,000, which were signed by the corporation by its president and secretary, and also by John McLean and William Harvey, who were then directors of the corporation. Each of the notes bore a guaranty on the back thereof by eleven of the stockholders, including all the parties to this suit, to the effect of the payment of the notes with any interest that might be due. The notes were also secured by mortgages upon the property of the company, and contained stipulations for attorney fees in case of suit being brought upon them, and that such attorney fees might be made a part of any judgment rendered thereon. The notes were later sued upon against the corporation and John McLean and William Harvey, the latter defending upon the ground they were not the makers of the notes, but in such defense they were unsuccessful, and judgments were rendered against them for the amounts due upon the notes and reasonable

attorney fees. After this the mortgage was foreclosed and the property sold for $17,000, and after the payment of certain other claims aggregating $2,128.56, the balance was applied upon the decree, the latter being $21,792.02, including interest, and cost on day of sale. The company then being insolvent, William Harvey paid $1,000 and John McLean and Duncan McLean together paid $6,304.13, to extinguish the balance due upon the notes guaranteed by them, after the credit upon the proceeds of the mortgage sale was applied upon them.

The principal grounds upon which the decree is sought to be reversed are that John McLean and William Harvey were joint makers or sureties upon the notes, and were therefore primarily liable for their payment, and that the notes should be further credited with the $2,128.56 diverted from the proceeds of the foreclosure sale to the payment of other claims, and also that the guarantors are not liable for attorney fees.

If the position that John McLean and William Harvey were joint makers, or sureties upon the notes, can be maintained, the decree would be wrong and should be reversed. They each claim they signed the notes as directors, at the request of the president, to make a company note. This of course was not a necessary element in the execution of the notes to make them a valid and binding obligation of the corporation, but if they in fact signed it in such capacity, and with no intention of being personally liable, it is insisted by the defendants in error this fact may be shown, and by parol. It is a familiar rule, and of frequent application, that the relations of the various makers of a promissory note may be shown as among themselves, and this may be proved by parol; in truth it could hardly be done in any other way. It is argued, however, by the plaintiffs in error, that inasmuch as judgments were rendered against John McLean and William Harvey as makers of the notes, they are estopped thereby from now disputing their relation. This, of course, would be and is true with respect to the holders of the notes, but we are of the opin-

ion plaintiffs in error are in no position to invoke this doc-
trine.    The fact that they together with other stockholders
joined in the guaranty is a circumstance strongly support-
ing the claim that the note was signed in the manner con-
tended for, as it is hardly reasonable to suppose that it was
at that time intended that McLean and Harvey were
bound both as makers and guarantors.    At most the capac-
ity in which the note was signed was a question of fact,
and not of law, and we think the chancellor was warranted
in finding as he did upon this point.

It is a misapprehension to say that plaintiffs in error are
required by the decree to pay the  attorney fees, for they
are not embraced in the decree in this case.    Such fees, it
is true, were taken from the proceeds of the foreclosure sale,
and for that reason the sum of them was not credited upon
the notes; and this is true also of the $2,128.56 which the
court in the foreclosure case ordered paid upon other claims,
doubtless deemed priorities over the mortgage debt.
Plaintiffs in error do not in any sense pay these amounts,
the notes only having failed to be credited with them, in
consequence of the court's order in that case.    The obliga-
tion of the guarantors was to pay the notes with interest
due, and was not in any manner contingent upon a fore-
closure of the mortgage.    Had they paid the notes without
foreclosure, they no doubt would have been entitled to sub-
rogation to the rights of the holder of the mortgage, but
even then such right would be taken subject to the burden
of the attorney fees and priorities of which they now com-
plain.    So in any proper view plaintiffs in error are not
harmed.

It is argued in this court that John McLean, Duncan
McLean, William Harvey and W. S. Barry were incompe-
tent witnesses, because two of the defendants, and com-
plainants in cross-bill, were administrators.    These wit-
nesses were competent against the other defendants and it
appears from the abstract of the record furnished by coun-
sel the objection to their testimony was made generally by
all the defendants, whereas only the administrators of the

deceased persons had the right to make the objection. Had those defending in a fiduciary relation made this specific objection separately, the question might have been preserved for review in this court. These parties were dis-missed out of the case and no decree was entered against them, and they are not now in this court so far as discoverable from the abstract of the record before us, and are not, therefore, complaining. The other parties to the record can not ask advantage of errors alone affecting parties not before the court, and we decline to consider this question at the instance of those who have no right to raise it. If the parties interested in the question of the competency of these witnesses desired to pursue it to final judgment in this court, they should have specifically, and separately from the others not so interested, made their objection in the trial court, and insisted upon a ruling, and then had the court ruled adversely to them, or declined to rule upon such question as it is here stated, and had the question been brought here by the party entitled according to the rules of this court, we then could pass upon it, otherwise we can not.

Finding no error in the decree of the Circuit Court it will be affirmed.